```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION

DANA STEVENS,                    )
                                 )
                  Plaintiff,     )
                                 )
     v.                          )      No.  07 C 3319
                                 )
ORLAND PARK MOTOR CARS, INC.,    )
etc.,                            )
                                 )
                  Defendant.     )
```

<u>MEMORANDUM ORDER</u>

Although the misspelling of this Court's name by counsel for defendant Orland Park Motor Cars, Inc. d/b/a Mercedes-Benz of Orland Park ("Orland Mercedes") in its Answer is understandable,[1] other errors in the Answer filed by counsel are not.[2] This sua sponte memorandum order identifies the deficiencies in the Answer and its constituent affirmative defenses ("ADs").

To begin with, Answer ¶¶2 and 4 fail to conform to the form of disclaimer required under the second sentence of Fed. R. Civ. P. ("Rule") 8(b)--see App. ¶1 to <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 278 (N.D. Ill. 2001).  Those paragraphs

---

[1] Counsel for plaintiff Dana Stevens ("Stevens") had made that error in the June 28, 2007 filing referred to later in the text, and Orland Mercedes' counsel made the mistake of referring to that filing rather than to the Complaint (which bore the Clerk's Office's filing information, including the assignment of the case to this Court's calendar).

[2] In addition to the matter next discussed in the text, counsel's carelessness is further evidenced by the reference to defendant as "Sun Motors Cars," rather than its proper name, at the very beginning of the Answer.

are therefore stricken, with leave granted to file properly amended paragraphs on or before August 10, 2007.

As for the ADs, AD 2 is insufficiently informative (it begins with the telltale words "[i]nsofar as," so that any asserted variance between Stevens' EEOC charge and her Complaint is unidentified). AD 2 is therefore stricken, although Orland Mercedes may refile such an AD if the claimed disparities are specifically identified there so as to conform to the notice pleading principles of federal practice.

Finally as to AD 3, on June 28, 2007 counsel for Stevens filed a Motion To Correct Record that placed the blame for any delayed filing of the Complaint on someone in this District Court's Clerk's Office. If that response is accurate, the Complaint was tendered on Stevens' behalf within the 90-day period specified by law (a subject that this Court had addressed sua sponte in a June 15, 2007 memorandum order).

_____
Milton I. Shadur
Senior United States District Judge

Date: July 30, 2007

2